UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOSHUA TANNER HAHN,

    Plaintiff,

    v.       CAUSE NO. 3:24-CV-926-CCB-JEM

Z. TAYLOR,

    Defendant.

## ORDER

Joshua Tanner Hahn, a prisoner without a lawyer, filed an objection to the order entered by United States Magistrate Judge John E. Martin on his motion to compel discovery and on the defendant's motions to extend the deadline to respond to interrogatories. ECF 50. If a party files an objection to an order entered by a magistrate judge, the presiding district judge will consider it and "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co. Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

Hahn currently proceeds on an Eighth Amendment claim against Officer Taylor for failing to protect him from another inmate who attacked Hahn at the Indians State Prison on March 9, 2024. ECF 7. In June and July 2025, Hahn served requests for production seeking Officer Taylor's employment file, post orders, and video recordings

of the events in the ten-hour period surrounding the physical attack by the other inmate. ECF 23, ECF 25. In response, Officer Taylor objected to the request for the employment file based on relevance and the protections of Ind. Code § 5-14-3-4(b)(8). ECF 32. He objected to the request for post orders as seeking confidential documents that would implicate security concerns if disclosed. *Id.* With respect to the video recordings, Officer Taylor produced a five-minute video recording that included footage of the attack but represented that no other responsive footage had been preserved. *Id.*; ECF 34.

On October 3, 2025, Hahn filed a motion to compel with respect to the employment file and the post orders. He also sought sanctions against Officer Taylor due to the missing video footage. ECF 40. On November 18, 2025, Judge Martin resolved the motion to compel. ECF 48. With respect to the employment file, Judge Martin ordered Officer Taylor to produce any formal charges contained in his employment file that relate to the attack on Hahn. *Id.* However, Judge Martin restricted Hahn's access to this information by permitting Hahn to review such information only under the supervision of a non-party staff member and by disallowing him to retain a personal copy. *Id.* With respect to the post orders, Judge Martin ordered Officer Taylor to file under seal any post orders relating to the protection of inmates from harm by other inmates in effect between January and March 2024 and that were communicated to Officer Taylor. *Id.* Judge Martin indicated that the court would consider the security-related concerns after reviewing the post orders. *Id.* Additionally, Judge Martin declined to sanction Officer Taylor absent any showing that the video recordings were

purposely destroyed in an effort to hide adverse information. *Id.* Judge Martin also found no basis to conclude that prison officials should have foreseen that the video recordings would be needed for litigation. *Id.*

In the objection, Hahn first argues that Judge Martin relied on the wrong standard for assessing whether sanctions are warranted. Hahn contends that gross negligence is sufficient to sanction parties for spoliation of evidence, citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639 (1976), and *Marrocco v. Gen. Motors Corp.*, 966 F.2d 220 (7th Cir. 1992). The court finds that these cases are distinguishable from the present case. In these cases, the spoliation of evidence occurred in violation of discovery orders, and the Federal Rules of Civil Procedure expressly allow the court to sanction parties for "fail[ing] to obey" discovery orders. Fed. R. Civ. P. 37(b)(2)(A). There is no violation of a discovery order here.

Further, in cases that do not involve the violation of discovery orders, the Seventh Circuit has repeatedly held that "[t]he crucial element in a spoliation claim is not the fact that the documents were destroyed but that they were destroyed for the purpose of hiding adverse information." *Downing v. Abbott Lab'ys*, 48 F.4th 793, 812 (7th Cir. 2022) (quoting *Norman-Nunnery v. Madison Area Tech. Coll.*, 625 F.3d 422, 428 (7th Cir. 2010)); *Faas v. Sears, Roebuck & Co.*, 532 F.3d 633, 644 (7th Cir. 2008) ("Thus, the crucial element is not that evidence was destroyed but rather the reason for the destruction. A document is destroyed in bad faith if it is destroyed for the purpose of hiding adverse information."); *Trask-Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 681 (7th Cir. 2008) ("Morton has made no showing, however, that Motel 6's destruction of

3

any of those materials was done in bad faith. Such a showing is a prerequisite to imposing sanctions for the destruction of evidence."). Consequently, the court cannot find that Judge Martin erred on this point of law.

Hahn further argues that Judge Martin erred by finding that Officer Taylor had no basis to foresee that the video recordings would be needed for litigation. To Hahn's point, he has attested that he personally told Officer Taylor to preserve video footage for use in litigation and also sought such preservation through the grievance process. ECF 2-1; ECF 40 at 18. But even assuming Officer Taylor has violated his duty to preserve evidence, Hahn still has no made the crucial showing that the video recordings were destroyed for the purpose of hiding adverse information. As a result, the court cannot find that Judge Martin erred in declining to sanction Officer Taylor.

Next, Hahn objects that Judge Martin's ruling on the post orders unfairly allows Officer Taylor to determine which post orders were communicated to him. He also expresses concern that the wording of the ruling might prevent the production of the specific information he seeks: specifically, that: "(1) only the Defendant/P.C.U. officers can unlock cells doors and cell blocks gates; (2) [the other inmate] was supposed to be locked in his cell at the time of the assault; and (3) at the time of the assault, [the other inmate's] cell block gate was supposed to be locked, which would have prevented him from coming into contact with [Hahn]." ECF 50 at 15. Hahn appears to believe that the ruling allows Officer Taylor to unilaterally establish material facts relating to the claim, but the ruling merely allows Officer Taylor to determine which documents are responsive to his discovery order. Further, Judge Martin's framing of the ruling seems

4

sufficiently broad as to encompass the information sought by Hahn. Consequently, the court cannot find that Judge Martin erred in his ruling on the post orders.

Moving forward, the court has now reviewed the post orders filed under seal by Officer Taylor. ECF 57. Given the level of detail relating to the movement of inmates within the protective custody unit, the court agrees that disclosing the post orders in their entirety would raise safety and security concerns. Further, the only materially relevant information contained within the post orders appears to be the first two sentences of Section IV, and it does not appear that disclosing these particular sentences would implicate safety or security concerns. **Therefore, the court will order Officer Taylor to file and serve a redacted version of the post orders that reveals, at minimum, the title of Section IV, the first two sentences of Section IV, and the information necessary to identify the document. Nevertheless, Officer Taylor may file an appropriate motion if he believes that security concerns remain with even this limited disclosure.**

Hahn also objects to Judge Martin's ruling in the same order on Officer Taylor's motions to extend the deadline to file a response to Hahn's interrogatories. Specifically, Judge Martin granted them and deemed Officer Taylor's response to the interrogatories as timely filed. ECF 48. Hahn argues that the ruling is erroneous because Officer Taylor sought an extension through November 6, 2025, but did not file his response until November 14, 2025. It is true that Officer Taylor's motions did not address the extension of the deadline specifically to November 14, 2025. However, the Federal Rules of Civil Procedure do not require this level of precision but require only a showing of good

5

cause for an extension as a general proposition. Fed. R. Civ. P. 6(b)(1). In the motions to extend, Officer Taylor represented that he needed additional time due to the other professional obligations of counsel and the need to meet with counsel to finalize the response. ECF 41, ECF 46. Because Officer Taylor demonstrated good cause to extend the deadline to file a response to Hahn's interrogatories, the court cannot find that Judge Martin's rulings on the motions to extend were clearly erroneous. Having addressed all of the arguments raised in the objection, the court overrules the objection to Judge Martin's rulings.

Relatedly, Hahn filed a motion representing that Officer Taylor produced the formal charges contained in his employment file that relate to the attack on Hahn in the manner ordered by Judge Martin. ECF 64. He now asks the court to order Officer Taylor to file the document as required by N.D. Ind. L.R. 26-2(a)(2)(A), which the court will grant. He further asks that it be filed unsealed and for the court to allow him to have a personal copy given that it discloses only information that Officer Taylor has disclosed in written discovery responses. The court declines to grant this request. While the information contained within may not implicate security concerns, professional disciplinary records inherently possess a greater potential for embarrassment than discovery responses, so other concerns remain. *See* Fed. R. Civ. P. 26(c)(1) (allowing the court to issues orders to protect parties from "annoyance, embarrassment, oppression, or undue burden or expense."). **Consequently, the court will order Officer Taylor to file the formal charges *ex parte* and under seal.** Hahn will be able to cite to the document by its docket number for purposes of summary judgment or any other

6

motion practice, and he remains able to review it under the supervision of correctional staff.

For these reasons, the court:

(1) **OVERRULES** the objection to the magistrate judge's decision (ECF 50);

(2) **PARTIALLY** GRANTS the motion to compel (ECF 64); and

(3) **ORDERS** Officer Z. Taylor to comply with this Order by <u>February 13, 2026</u>.

SO ORDERED on January 30, 2026.

                    /s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT